# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| WILLIAM BERNARD SAVOY, III | ) | |
| | ) | |
| Debtor | ) | Case No. 21-32314 |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Debtor's [R. 29] Objection to Claim. On April 13, 2022, Debtor filed an objection to creditor T&S Simmons, Inc.'s Proof of Claim No. 10-1, an unsecured non-priority claim for $72,528.39, based on a commercial gym lease Debtor entered into in February of 2020 and allegedly breached in May of 2020. Attached to the Proof of Claim is (1) a copy of the commercial lease, and (2) the complaint T&S Simmons filed in Harden Circuit Court on October 22, 2021, seeking $72,528.39 for the balance due under the lease.[1] Although the Claims Register labels Proof of Claim 10-1 as a "judgment," the Official Form 410 Proof of Claim describes the basis of the claim as a "lease" in both Sections 8 and 10. [R. 10-1 at 2].

Debtor's objection raises two issues: (1) the "proof of claim, which did have attached documentation, mischaracterized the nature of the claim as a Judgment," and (2) "the claim did not provide a complete accounting of the claim or proof of mitigation of the loss which is necessary to prove the amount of any claim and any amount due and owing." [R. 29]. For those reasons, Debtor asks that the claim be disallowed. T&S Simmons filed a Response, [R. 30], addressing

---

[1] Section 7 of Creditor's Official Form 410 Proof of Claim indicates that the claim amount includes "interest or other charges," and that a "statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)" is attached.

1

both arguments. First, T&S Simmons asserts it has never characterized this claim as a judgment, noting that "[a]s shown on the Official Form 410 Proof of Claim at Section 8, Creditor has at all times characterized this claim as a Lease and continues to so characterize." [*Id.* at 1]. Second, T&S Simmons contends "[t]he Complaint attached to the Claim provides a complete accounting of the Claim, which is summarily calculated as the months of nonpayment of the underlying lease," adding that Creditor "has taken reasonable efforts to mitigate its losses by actively searching for new tenants to secure the premises, but has yet to find a new tenant." [*Id.* at 2].

On August 31, 2022, the Court held a hearing on the dispute. When asked about the need for an evidentiary hearing, Debtor's counsel indicated that no discovery or evidentiary hearing was necessary, because the dispute was "mainly a form issue" and "more of a technical issue" regarding the Proof of Claim's form, citing Rule 3001(c)(2)[2]. When asked if the parties would like to submit additional briefs, both parties declined, at which point the matter was taken under submission.

The Court finds no basis for disallowing creditor's claim. First, regarding the erroneous "judgment" label on the Claims Register, the Court finds this error to be purely technical and inconsequential to the proof of claim itself. The Claims Register, designed to serve as a convenience for the parties and court to glimpse a birds-eye view of all claims and amounts filed in the bankruptcy, does not supplant or otherwise override the accurate descriptions in the Official Form 410 Proof of Claim indicating that the claim is based on a "lease." Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure impose any requirement upon creditors to submit any information or description of any kind on the Claims Register. The only requirement regarding the proof of claim's form is that the "proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). "Courts have typically construed Rule

---

[2] Unless otherwise indicated, all rule references are to the Federal Rules of Bankruptcy Procedure.

2

3001(a) according to its plain meaning, acknowledging 'that a proof of claim need only conform substantially to the appropriate official form. It need not conform exactly." *In re Bobe*, 635 B.R. 435, 441 (Bankr. D.N.J. 2021) (citing *In re Dove-Nation*, 318 B.R. 147, 151 (B.A.P. 8th Cir. 2004)). T&S Simmons' Proof of Claim No. 10-1 accurately describes the basis for the claim and characterizes the claim as a lease on the Official Form. Creditor's claim thus "conform[s] substantially" to the Official Form 410, and so Debtor's argument regarding the mischaracterization of the claim is without merit.

Second, Debtor's argument that creditor's failure to "provide a complete accounting of the claim or proof of mitigation of the loss" is insufficient grounds for disallowing a claim. "[T]he Sixth Circuit has been clear that disallowance is not a remedy for an objection based on lack of documentation." *In re Gorman*, 495 B.R. 823, 837 (Bankr. E.D. Tenn. 2013) (citing *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931 (6th Cir. 2010)). The Bankruptcy Code sets forth the exclusive grounds for disallowance of claims under section 502(b). *See* 11 U.S.C. § 502(b). Section 502 does not allow the Court to deny a proof of claim due to a technical deficiency. *In Perron v. eCast Settlement Corp. (In re Perron)*, 350 B.R. 628 (Table), 2006 WL 2933827, at *4 (6th Cir. BAP Oct. 13, 2006). Here, Debtor's claims of lack of proof of accounting and mitigation of loss are not enumerated grounds for disallowance under section 502(b).

Although Debtor cites the requirement under Rule 3001(c)(2)(A) for creditors to provide certain supplemental information where a claim includes interest, fees, expenses, or other charges, any failure to do so does not create grounds for disallowance. The Bankruptcy Code establishes substantive rights, and the Bankruptcy Rules do not "abridge, enlarge, or modify any substantive rights." 28 U.S.C. § 2075. The Rules merely supplement the Code, in part providing evidentiary guidance. *Perron*, 2006 WL 2933827 at *4. A failure to comply with Rule 3001(c)(2) is an

3

evidentiary issue, and Debtor provides no factual dispute as to the amount of Creditor's claim. Moreover, Debtor expressly waived the opportunity to conduct discovery or hold an evidentiary hearing, opting not to submit any additional argument or evidence. Debtor otherwise asserts no substantive basis for disallowance.

For the foregoing reasons, it is HEREBY ORDERED that Debtor's [R. 29] Objection to Claim is **OVERRULED**.

Charles R. Merrill
United States Bankruptcy Judge

Dated: September 12, 2022

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| WILLIAM BERNARD SAVOY, III | ) | |
| | ) | |
| Debtor | ) | Case No. 21-32314 |
| | ) | |

**ORDER**

This matter is before the Court on Debtor's [R. 29] Objection to Proof of Claim No. 10. Having considered the matter fully, and for the reasons set forth in the Court's Memorandum Opinion filed contemporaneously herewith, the Court **OVERRULES** Debtor's Objection.

Charles R. Merrill
United States Bankruptcy Judge

Dated: September 12, 2022